NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SONIA MARIA RECANOJ-DE LEON,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-73238

Agency No. A205-405-121

**MEMORANDUM**[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 8, 2020[**]
San Francisco, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable William K. Sessions III, United States District Judge
for the District of Vermont, sitting by designation.

Sonia Recanoj de Leon (Petitioner), a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing her appeal of an Immigration Judge's (IJ) order denying her application for withholding of removal and relief under the Convention Against Torture (CAT). We review the agency's factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

To be entitled to withholding of removal, a petitioner must demonstrate her "life or freedom" would be threatened in her home country because of, *inter alia*, "membership in a particular social group." 8 U.S.C. § 1231(b)(3)(A). The petitioner can meet this burden by (1) establishing a fear of future persecution based on past persecution or (2) independently establishing "it is more likely than not that [she] would be persecuted" on the basis of particular social group membership. 8 C.F.R. § 1208.16(b).

In this case, substantial evidence supports the agency's finding that Petitioner failed to establish a nexus between past persecution or likely future persecution and her membership in a particular social group. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (noting that a petitioner "must establish that any persecution was or will be *on account of* his membership in such group"). Petitioner testified that gang members extorted and beat her father for money, but

2

failed to establish that she herself was in danger on account of membership in her father's family. *See, e.g., Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Furthermore, the IJ determined that there was insufficient evidence of harm to Petitioner's brother on the basis of his family membership. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (finding lack of a well-founded fear of future persecution on account of family membership where another family member had remained unharmed in petitioner's native country), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

With respect to Petitioner's status as a single woman or mother in Guatemala, substantial evidence supports the conclusion that she failed to establish a nexus between the alleged harm and her membership in such a group. Petitioner's testimony did not establish that her persecution has been, or is likely to be, on account of her status as a single woman or mother. And while country conditions evidence demonstrated the danger of gangs, threats by gang members in Petitioner's village were shown to be generalized and not specific to the claimed social groups. *See Zetino*, 622 F.3d at 1016.

Finally, substantial evidence supports the agency's denial of CAT relief due to an insufficient showing of past torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (noting that "torture is more severe than persecution"). Substantial evidence also supports the conclusion that Petitioner could escape harm from local gangs by relocating to join her brother and daughter in Guatemala City. *See* 8 C.F.R. § 1208.16(c)(3) (providing non-exclusive list of considerations for granting CAT relief, including the possibility of relocation to an area where petitioner is not likely to be tortured). Evidence of country-wide gang violence did not undermine this finding. *See, e.g., Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to [show a likelihood of torture].").

**PETITION FOR REVIEW DENIED.**

4